# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CHIRAG PATEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:25-cv-303 (MTT) |
| ) | |
| **UNITED STATES CITIZENSHIP AND** ) | |
| **IMMIGRATION SERVICES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

Before the Court is the United States Citizenship and Immigration Services' motion to dismiss for lack of jurisdiction. ECF 6. In an effort to afford Patel, who is proceeding *pro se*, adequate notice and time to respond to the Defendant's motion, the following notice is given. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). If Patel wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.[1]

If Patel does not timely respond to the motion to dismiss, the Court may dismiss this action. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Patel may submit his argument to this Court by filing a brief in opposition to the motion to dismiss. Unless the Court has granted prior permission, any brief should not exceed twenty pages. M.D. Ga. L.R. 7.4.

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to dismiss and its exhibits (ECF 6) to Patel at his last known address. Thereafter, all notices or other papers may be served on Patel directly by mail at his last known address.

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss claims for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, "the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002). A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) generally takes one of two forms—a facial attack or a factual attack. *Garcia v. Copenhaver, Bell & Assocs. M.D.'s*, 104 F.3d 1256, 1260-61 (11th Cir.1997). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Stalley v. Orlando Reg'l Heathcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008). A factual attack, however, "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id*. at 1233. "[I]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation modified).

**SO ORDERED**, this 5th day of December, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT